IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:18-CV-00145-FDW

| | |
|---|---|
| MELISSA SUE GOSNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, *Acting* ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 9), and Defendant's Motion for Summary Judgment, (Doc. No. 11). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits under 42 U.S.C. § 405(g) (2018). For the reasons set forth below, Plaintiff's Motion for Summary Judgment is GRANTED, Defendant's Motion for Summary Judgment is DENIED, and the Commissioner's decision is REMANDED to the administrative law judge ("ALJ") for further proceedings consistent with this decision.

**I. Background**

The procedural history of this case is not in dispute. Plaintiff applied for Social Security Disability benefits in January 17, 2014, alleging that her disability began on June 1, 2013. (Tr. 11). Plaintiff's claim was denied both initially and upon reconsideration. Id. Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 18, 2017. Id.

At step one of the disability analysis, the ALJ found that Plaintiff met insured status requirements and had not been engaged in substantial gainful activity since June 1, 2013. Id. at 13.

At steps two and three, the ALJ found that Plaintiff suffered from the following severe impairments: Dercum's disease, fibromyalgia, and depression; however, these impairments did not meet or equal the impairments found in the listings. Id. at 14. In step four, the ALJ determined that Plaintiff had:

> the residual functional capacity to perform sedentary work . . . except occasional climbing ramps and chairs; climbing ladders, ropes or scaffolds; balancing; stooping; kneeling; crouching; and crawling; with no concentrated exposure to pulmonary irritants; able to perform simple, routine, repetitive tasks; able to maintain concentration and persistence for simple, routine, and repetitive tasks for two hour segments; able to adapt to routine changes in a work setting; and limited to work that requires no more than occasional interaction with public, co-workers and supervisors.

Id. at 15. Based on these limitations, the ALJ found that Plaintiff was unable to perform her past work as a placement interviewer and billing clerk. Id. at 19. Nonetheless, the ALJ found at step five that there were a significant number of jobs in the national economy that Plaintiff could still perform despite her limitations. Id. Thus, the ALJ concluded that Plaintiff was not disabled under the Social Security Act, and therefore was not entitled to disability insurance benefits. Id. at 20. The Appeals Council subsequently denied Plaintiff's request for a review of the ALJ decision.

Plaintiff filed the present action seeking judicial review of the administrative decision on May 24, 2018. Plaintiff contends that the ALJ erred because 1) his determination at step five of the disability analysis was not supported by substantial evidence and 2) the ALJ failed to give specific reasons for rejecting Plaintiff's testimony regarding her symptoms. (See generally Doc. No. 10). As a result of these errors, Plaintiff requests a remand to the ALJ for further proceedings. Defendant contends that the Commissioner's decision is supported by substantial evidence and asks this Court to affirm the decision. (See generally Doc. No. 12). The parties' motions are now ripe for disposition.

## II. Legal Standard

This Court's review of a final decision by the Commissioner is authorized pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). This Court's review is limited to 1) whether substantial evidence supports the Commissioner's decision and 2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Even if the reviewing court would have come to a different conclusion, it must uphold the Commissioner's decision if the decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). The substantial evidence standard is met if a reasonable mind can use the amount of evidence to support a conclusion. Craig, 76 F.3d at 589. The substantial evidence level rests somewhere above a mere scintilla of evidence but may be lower than a preponderance of the evidence. Id.

Under the Social Security Act, there is a five-step sequential process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(1). Step one is to determine whether the claimant is engaged in substantial gainful activity; if claimant is engaged in substantial gainful activity, then they are not disabled. Id. § 404.1520(a)(4)(i). Step two looks to whether the claimant has a severe medically determinable physical or mental impairment or a combination of impairments that is severe and meets the duration requirement. Id. § 404.1520(a)(4)(ii). At step three, if the claimant's impairment or combination of impairments meets or medically equals one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1, then the claimant is disabled. Id. § 404.1520(a)(4)(iii). Step four is to determine whether the claimant has the residual functional

capacity ("RFC") to perform the requirements of his past relevant work. Id. § 404.1520(a)(4)(iv). Lastly, step five considers whether the claimant is able to perform other work in the national economy, considering claimant's RFC, age, education, work experience, and residual functional capacity. Id. § 404.1520(a)(4)(v).

### III. Analysis

After a careful consideration of the record, Parties' briefs, and Plaintiff's assignments of error, the Court finds that the Commissioner's decision was not supported by substantial evidence.

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that remand is appropriate when the ALJ poses an incomplete hypothetical to the vocational expert ("VE") at step five of the disability determination. Id. at 638. In Mascio, the ALJ had found that the plaintiff had a moderate limitation in her ability to maintain concentration, persistence and pace at step three of the disability analysis, but later failed to include this limitation in determining the plaintiff's RFC and when posing hypothetical questions to the VE. See id. The Fourth Circuit stated that remand was necessary because the ALJ gave no explanation for why this limitation was excluded from RFC or the hypothetical given to the VE. Id.

Here, the ALJ found that Plaintiff's RFC included, *inter alia*, a limitation that she was only able to maintain concentration and persistence for two hours at a time. (Tr. 15); (see Tr. 18 ("Due to her depression, the undersigned limits her to . . . maintaining concentration and persistence for simple, routine, repetitive tasks for two hour segments.")). However, the ALJ's hypotheticals to the VE made no mention of Plaintiff's limitations to work in two hour segments at a time. For instance, the ALJ first hypothetical question to the VE was:

> For the first hypothetical, if I found that she were restricted to sedentary with no more than occasional climbing, balancing, stooping, kneeling, crouching or crawling, no concentrated exposure to pulmonary irritants, and mentally if I found that she were restricted to performing and maintaining concentration for only

> simple routine repetitive tasks, adapting to routine changes, and could only occasionally interact with the public, co-workers and supervisors. With those limits, could she do the past work?

(Tr. 49). The ALJ then proceeded to ask the VE whether, based on Plaintiff's age, educational level, work experience, and the limitations previously given, there was other work in the national economy that Plaintiff could perform. Id.

Throughout his questions and hypotheticals, the ALJ did not mention any limitations regarding maintaining concentration, persistence, and pace, despite including such a limitation in Plaintiff's RFC.[1] See id. at 49–50. Even though the ALJ included Plaintiff's restrictions to simple, routine, and repetitive tasks in his hypothetical to the VE, the Fourth Circuit has made it clear that any durational limitations in carrying out those tasks needs a separate inquiry. See Mascio, 780 F.3d at 638 ("[T]he ability to perform simple tasks differs from the ability to stay on task."). Furthermore, the ALJ does not offer any explanation why he included a durational mental limitation in the RFC determination, but did not include such a limitation in his questions to the VE. See Russell v. Barnhart, 58 Fed. App'x 25, 30 (4th Cir. 2003) ("It is well established that for a vocational expert's opinion to be relevant, it must be in response to a proper hypothetical question that sets forth all of the claimant's impairments."); see Williams v. Berryhill, 4:16-cv-230-FL, 2017 WL 3770679, at *6 (E.D.N.C. Aug. 14, 2017) ("Testimony by a vocational expert based on an incomplete hypothetical may not constitute substantial evidence supporting the ALJ's step-five determination."). Thus, the Court finds that the ALJ's decision as to whether Plaintiff could perform other jobs in the national economy is not supported by substantial evidence.

---

[1] While the ALJ modified his hypothetical to include physical durational limitations (such as not being able to stand for more than one hour a day), there were no questions posed regarding the two-hour mental limitation included in Plaintiff's RFC. See id. at 50.

Because there are clear grounds for remand on this basis, the Court does not find it necessary to address Plaintiff's other assignments of error.

## **Conclusion**

For the previously stated reasons, Plaintiff's Motion for Summary Judgment, (Doc. No. 9), is GRANTED, Defendant's Motion for Summary Judgment, (Doc. No. 11), is DENIED, and the Commissioner's decision is REMANDED to the administrative law judge ("ALJ") for further proceedings consistent with this decision.

IT IS SO ORDERED.

Signed: April 18, 2019

_____
Frank D. Whitney
Chief United States District Judge